(50 South. 771.)

No. 17,665.

PEARCE et al. v. FORD et al.

(Dec. 13, 1909.)

1. PARTITION (§ 4*)—EFFECT.

The language of an act of partition by heirs that the heirs respectively sell to each other the portions falling to them in the partition, and that the consideration of the sale is the amount of the purchasers' interest in the estate of their deceased ancestor, shows a mere partition, and not a sale.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 4.*]

2. ADVERSE POSSESSION (§ 75*) — BASIS FOR PRESCRIPTION—PARTITION.

A partition is merely declamatory and not translative of ownership and cannot serve as a basis for prescription.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 448–450; Dec. Dig. § 75.*]

3. ABANDONMENT (§ 4*)—ACTS CONSTITUTING —SILENCE.

Mere silence does not bring about the loss of title to real estate except in connection with prescriptions established by law.

[Ed. Note.—For other cases, see Abandonment. Dec. Dig. § 4.*]

4. REAL ACTIONS (§ 8*)—PETITORY ACTIONS— JUDGMENT.

The court, in a petitory action by some of the heirs of a decedent against other heirs to recover an interest in real estate of decedent, cannot, on giving judgment for the interest claimed, adjudge that the taxes and improvements are equal to the revenues, as the proper time for the determination of that matter is on a general settlement among the heirs.

[Ed. Note.—For other cases, see Real Actions, Dec. Dig. § 8.*]

Appeal from Thirteenth Judicial District Court, Parish of Rapides; W. F. Blackman, Judge.

Petitory action by B. M. Pearce and others against H. Frank Ford and others to recover an undivided three-fourths interest in land. From a judgment for plaintiffs, defendants appeal. Judgment set aside and rendered.

W. H. Peterman and T. H. Couvillion, for appellants. Andrews & Hakenyos, for appellees.

PROVOSTY, J. Joshua Pearce was twice married. He had issue only with his first wife. These were B. M., William, Joseph, and Eliza Pearce. Not knowing that the law strikes with nullity any settlement attempted to be made of the succession of a living person, he made what he thought was a legal settlement of his own succession with his children and grandchildren. He then gave by will to his second wife the property in controversy, a 100-acre plantation in the parish of Rapides, on which he lived. He died in 1879. In 1882 his will was set aside, at the suit of B. M. and Eliza Pearce. Although the effect was to cause the property to revert to his succession, Eliza Pearce, then married to Horace Marshall, took possession of it as if belonging to herself alone, and continued so to hold it until her death in 1893. In 1896 her children made a partition of the property of her succession and of that of her husband, their father, and the property in controversy fell to her daughter Esther, wife of I. C. Johnson, and to the children of her predeceased daughter, Alzin, first wife of I. C. Johnson. The language of the act of partition is that the heirs respectively sell to each other the portions falling to them in the partition; but the consideration of the sale is stated to be "the amount of the said purchasers' interest in the estates of their deceased father and mother," and therefore the act is manifestly a mere partition. The present petitory action is brought by B. M. Pearce and the children and grandchildren of William

and Joseph Pearce against Mrs. I. C. Johnson and the children of the first Mrs. Johnson to recover a three-fourths interest in the property, together with a like proportion of its fruits and revenues from the time Mrs. Eliza Pearce Marshall, their mother and grandmother, took possession of it, in 1882, to the present time.

The main reliance of the defendants is on the prescription of 10 years, based on the partition which they made with their coheirs; the contention being that said partition was not a partition, but a sale. But, as already stated, it is manifestly a partition, and, of course, a partition, being merely declaratory, and not translative, of ownership, cannot serve as a basis for prescription. Kernan v. Baham, 45 La. Ann. 811, 13 South. 155.

The other contention is that the coheirs of Eliza Pearce Marshall consented to her taking the property, and abandoned their rights to it, as is shown by their silence and inaction from 1882 to the filing of this suit, in April, 1907; but we know of no law by which silence and inaction will bring about the loss of title to real estate, unless in connection with the prescriptions established by law.

The trial court gave plaintiffs judgment for the interest claimed in the property, but offset the revenues with the taxes and useful improvements. We have to set aside this judgment in so far as it finds that the taxes and improvements are equal to the revenues; but we think that the proper time and place for the settlement to be had between parties for these revenues and taxes is when the heirs of Joshua Pearce have a general settlement among themselves of his succession. Non constat that the plaintiffs will not then be found to be indebted to the heirs of Eliza Pearce, instead of the latter to them.

The judgment appealed from is therefore set aside; and it is now ordered, adjudged, and decreed that the plaintiffs be decreed to have an interest of three-fourths, undivided, in the property described in the petition; that their demand for fruits and revenues, and the defendants' demand for taxes and useful improvements, be dismissed, as in case of nonsuit; that the defendants pay the costs of the lower court; and that the plaintiffs pay one-half, and the defendants one-half, of the costs of this appeal.